**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10375 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-01851-JAS-JR-1 |
| v. | |
| CHRISTOPHER JAMES PRESTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted February 2, 2021
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Defendant Christopher James Preston appeals his convictions on two counts

of aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. We reject Defendant's claim that the government improperly vouched for Timothy and Ms. Preston's credibility. "Improper vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013) (quotation marks and citation omitted). A prosecutor may ask an impeached witness whether they are telling the truth. *See, e.g.*, *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012) (holding that a prosecutor may refer to a plea agreement's "mandate to be truthful" if such references are "made in response to an attack on the witness's credibility because of his plea bargain") (quoting *United States v. Monroe*, 943 F.2d 1007, 1013–14 (9th Cir. 1991)).

The prosecutor did not improperly vouch during his closing argument. The first statement—"Why do we think he's credible"—is permissible because, viewed in context, the prosecutor appears to be arguing why the jury should find Timothy credible based on the evidence in the record and based upon inferences that can be drawn from that evidence. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1195 (9th Cir. 2015). The second statement—"I would submit to you he's a very credible witness"—is also permissible. *See United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993); *cf. United States v. Flores*, 802 F.3d 1028, 1040 (9th

2

Cir. 2015) (government improperly vouched for expert when prosecutor said, "I submit I would hire" the expert over another expert).

2. Testimony that Ms. Preston called Defendant a "child molester" during an argument was not improper character evidence. The evidence was relevant "grooming" evidence. The statement was made by Ms. Preston to Defendant in Timothy's presence after she learned that Defendant showed Timothy an R-rated movie about the pornography industry. As a result, Timothy asked Defendant whether Ms. Preston knew about his and Defendant's sexual relationship, demonstrating that Timothy knew of the need to keep the relationship secret and to protect Defendant.

The district court allowed Barry, Timothy's older brother, to testify that Defendant allowed him to drink alcohol, smoke cigarettes, and watch pornography. The court also allowed Barry to testify that Defendant discussed lewd acts with him. The district court found this evidence "inextricably intertwined" with Timothy's experiences and admissible to show intent. Assuming without deciding that this was an abuse of discretion, any error was harmless. There is ample other evidence, such Timothy's testimony and other witnesses' corroboration of that testimony, supporting a determination of Defendant's guilt.

3. There was no *Doyle v. Ohio*, 426 U.S. 610 (1976), violation. After Agent Dallacroce testified that Defendant invoked his right to counsel, the district court timely sustained defense counsel's objection, struck Agent Dallacroce's answer, admonished the jury to disregard the answer, and instructed the jury not to consider the testimony. *See Greer v. Miller*, 483 U.S. 756, 765–66 (1987); *cf. United States v. Foster*, 985 F.2d 466, 468 (9th Cir. 1993) (finding a *Doyle* error where the court "overruled a timely objection, advised the defendant to answer the question and admitted . . . testimony acknowledging [the defendant's] post-arrest silence"), *as amended by* 17 F.3d 1256 (9th Cir. 1994).

4. The district court did not plainly err by permitting Karen Blackwell to provide expert testimony. First, Blackwell's testimony was helpful to the jury because it provided information about the general dynamics of sexual assault situations. *See United States v. Lukashov*, 694 F.3d 1107, 1116–17 (9th Cir. 2012). Second, the record indicates that Blackwell's testimony was reliable. Blackwell has specialized knowledge about child/adolescent abuse. She has a master's degree in social work, has been a forensic interviewer for the FBI for "over nine years," but has done "forensic interview[ing] for 18 years," and has conducted more than 3,500 forensic interviews. Based on her extensive and specialized

4

knowledge about the process of victimization and the process of disclosure, the district court correctly qualified her as an expert witness.

5. The government did not misstate the evidence during summation. "Prosecutors have considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence." *United States v. Macias*, 789 F.3d 1011, 1023 (9th Cir. 2015) (quotation marks and citation omitted); *Necoechea*, 986 F.2d at 1276 (explaining that prosecutors may argue in closing that one side is lying if the argument is based on reasonable inferences). First, the prosecutor fairly argued that Timothy did not seek to gain anything by disclosing the abuse to his mother. As the prosecutor noted, Timothy's disclosure came during the time he was being prosecuted for his own crimes. But Timothy neither disclosed the abuse to any law enforcement figure before his mother contacted the police, nor wanted the abuse disclosed. Second, it was fair to contend that Timothy did not "present" as someone who wanted to destroy Defendant. Much of Timothy's testimony was focused on how much he enjoyed his time with Defendant.

6. The district court did not violate Defendant's Fifth and Sixth Amendment rights by limiting defense counsel's closing argument. A court may instruct counsel not to inject his personal opinion into an argument. *See United States v.*

*Spillone*, 879 F.2d 514, 518 (9th Cir. 1989); *see also United States v. Young*, 470 U.S. 1, 8–9, 9 n.7 (1985).

Defense counsel expressed his opinion about the truth of Timothy's claims. This was improper and the district court did not abuse its discretion by prohibiting counsel from expressing his opinions on the veracity of Timothy's claims. This prohibition was not unconstitutional as it did not deprive defense counsel from arguing his theory of the defense or from attacking the credibility and believability of Timothy and the other witnesses. *See Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 1999). Accordingly, the district court's ruling was proper.

7. Because we have identified no errors, cumulative error does not justify reversal. *See United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

**AFFIRMED.**